NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianllp.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianllp.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianllp.com
**SALISIAN LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone: (213) 622-9100
Facsimile: (800) 622-9145

MICHELLE M. CHIONGSON, SBN 221740
michelle.chiongson@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>VIRTUAL POLYMER COMPOUNDS, LLC, a New York limited liability company; and COREY HOGAN, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Virtual Polymer Compounds, LLC ("Virtual") is, and at all times relevant to this action was, a New York limited liability company with its principal place of business in the County of Erie, State of New York.

3. Based on my office's research, and upon information and belief, Corey Hogan ("Hogan"), James Minner, and Lawrence Ricigliano are the only members of Virtual and are citizens of New York. Thus, Virtual is a citizen of the State of New York.

4. Defendant Hogan (collectively, with Virtual, "Defendants") is, and at all times relevant to this action was, a resident of the County of Erie, State of New York, and a member, officer, director, agent, and/or owner of Virtual. Based on information and belief, including the Driver's License submitted by Hogan to Balboa, Hogan is domiciled in Clarence, NY 14031.

5. Plaintiffs are informed and believes, and thereon allege, that each defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other defendants in a joint enterprise for profit and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have

known about the foregoing, and that each defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement described herein, Defendant agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **<u>25. GENERAL</u>** . . . THIS AGREEMENT SHALL BE GOVERNED BY THE LAW OF THE STATE OF CALIFORNIA. DEBTOR SUBMITS TO THE JURISDICTION OF CALIFORNIA AND AGREES THAT THE CALIFORNIA STATE COURTS OF ORANGE COUNTY AND/OR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION, SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY ACTION OR PROCEEDING TO ENFORCE THIS AGREEMENT OR ANY ACTION OR PROCEEDING ARISING OUT OF THIS AGREEMENT.

8. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9. Specifically, as described above, Balboa is a citizen of the States of Georgia and California and Virtual and Hogan are citizens of the State of Washington. As such, Virtual and Hogan are not citizens of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

10. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

11. All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange. The

transactions at issue in this Action occurred in the State of California, County of Orange.

**FIRST CAUSE OF ACTION**

**(Breach of Equipment Financing Agreement)**

**(Against Virtual)**

12. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13. In or prior to May 2024, Balboa is informed and believes that Virtual initiated and engaged with Equipment Dealz, LLC ("Dealz"), located at 3839 Mckinney, Suite 155-701, Dallas, Texas 75204 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (the "Collateral") for its business. The Equipment Vendor worked with Virtual in the selection of the Collateral and in coordinating its delivery.

14. Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Virtual's electronic credit application to Balboa and other financial institutions. Upon review, Virtual concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from Virtual to finance the Collateral being supplied by the Equipment Vendor.

15. On or about April 27, 2024, Virtual executed a certain written Equipment Financing Agreement No. 512656-000 (the "EFA"), under the terms of which Balboa loaned to Virtual the sum of One Hundred Forty Thousand Four Dollars ($140,000.00) to finance the Collateral for its business. The EFA required Virtual to make three (3) monthly payments of $0.00 followed by thirty-three (33) monthly payments of $5,254.54, payable on the 30th day of each month beginning

May 30, 2024. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

16. The last payment received by Balboa was credited toward the monthly payment due for December 30, 2025. Therefore, on or about January 30, 2026, Virtual breached the EFA by failing to make the monthly payment due on that date. Defendant's failure to make timely payments is a default under the terms of the EFA.

17. In accordance with the EFA, and as a proximate result of Defendant's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. Therefore, there became due the sum of $116,124.04. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Virtual.

18. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by Virtual's conduct.

19. As a proximate result of Virtual's breach of the EFA, Balboa has been damaged in the total sum of **$84,072.64** plus prejudgment interest from January 30, 2026, until the entry of judgment herein.

20. Further, under the terms of the EFA, Virtual promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Virtual.

21. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining the Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

**(Breach of Personal Guaranty)**

**(Against Hogan)**

22. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

23. Concurrently with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Virtual, Hogan personally guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Balboa under the terms of the EFA ("the Guaranty"). A true and correct copy of the written Personal Guaranty signed by Hogan is attached as **Exhibit B** and incorporated herein by reference.

24. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Hogan.

25. Following a default by Virtual under the terms of the EFA, Balboa demanded Hogan make the payments required under the EFA. Hogan failed to meet the Guaranty obligations and make the payments required under the EFA.

26. Pursuant to the terms of the Guaranty, the sum of $84,072.64, plus prejudgment interest from January 30, 2026, is due and payable to Balboa from Hogan. This Complaint, in addition to previous demands, shall constitute further demand upon Hogan to pay the entire indebtedness due and owing from Virtual to Balboa under the terms of the EFA.

27. Under the terms of the Guaranty, Hogan promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Hogan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**On All Causes of Action:**

1. The sum of $84,072.64;

2. Prejudgment interest from January 30, 2026, to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

7. Such other and further relief that the Court considers proper.

DATED: April 2, 2026

SALISIAN LLP

By: ______________________________

Neal S. Salisian
Jared T. Densen
Patty W. Chen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION